UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re                                                    )
                                                         )
CRISALIE DELA CRUZ FITZPATRICK,   )   Case No. 6:14-bk-01690-KSJ
                                                         )   Chapter 7
       Debtor.                                      )
                                                         )

# MEMORANDUM OPINION OVERRULING
# TRUSTEE'S OBJECTION TO EXEMPTIONS

A debtor who does not affirmatively claim a homestead exemption but jointly owns a home with a non-debtor may claim the wildcard exemption under Florida Statute § 222.25(4) as long as the Chapter 7 trustee is not prevented from effectively administering the home. Here, the Debtor claimed the wildcard exemption in lieu of claiming a homestead exemption. The Chapter 7 Trustee objected[1] because the Debtor owns her home with her non-debtor husband. Because the Debtor's husband formally has waived his right to claim a homestead exemption,[2] the Debtor has not limited the Trustee's ability to administer the home in this bankruptcy case. The Court therefore overrules the Trustee's objection and concludes that the Debtor may use the wildcard exemption.

On February 14, 2014, Crisalie dela Cruz Fitzpatrick filed a voluntary petition under Chapter 7 of the Bankruptcy Code.[3] Mrs. Fitzpatrick is married to Paul G. Fitzpatrick, and together they own a house in Haines City, Florida, as tenants by the entireties, which they plan to

---

[1] Doc. No. 13. Debtor filed a response. Doc. No. 18. The Court held an evidentiary hearing on the Objection on October 20, 2014.
[2] Doc. No. 17.
[3] Doc. No. 1. All references to the "Bankruptcy Code" are to 11 U.S.C. §§ 101, *et seq*.

retain.[4]  In Schedule C, Mrs. Fitzpatrick claimed as exempt (1) the Haines City house under § 522(b)(3)(B) of the Bankruptcy Code, and (2) a $4,000 interest in her personal property under Florida Statute § 222.25(4),[5] what is commonly known as the "wildcard exemption."

The Chapter 7 trustee objects to Mrs. Fitzpatrick's use of the wildcard exemption arguing that, because Mrs. Fitzpatrick owns her house as tenants by the entireties with Mr. Fitzpatrick, who remains eligible to claim homestead protection, Mrs. Fitzpatrick is benefitting from Florida's constitutional homestead exemption within the meaning of § 222.25(4) by way of her husband.[6]  The trustee adds that Mrs. Fitzpatrick's intent to remain in the Haines City house and to reaffirm the mortgage debt is further evidence she is protected by the homestead exemption.[7]

Mrs. Fitzpatrick responds that, because Mr. Fitzpatrick has waived his right to Florida's homestead protection,[8] neither she nor her husband is benefitting from their Florida constitutional homestead protection.[9]  The homestead exemption poses no obstacle to the Trustee's effective administration of her home in this bankruptcy case and, therefore, that she is entitled to the wildcard exemption.[10]  Mrs. Fitzpatrick is correct.

Florida Statute § 222.25 lists personal property exempt from legal process.  In 2007, the Florida legislature created the "wildcard exemption" by adding subsection (4) to § 222.25. Under this relatively new provision, a Florida debtor may exempt from the reach of his or her creditors an interest in personal property up to $4,000, "if the debtor does not claim or receive the benefits of a homestead exemption under s. 4, Art. X of the State Constitution."[11]  After its

---

[4] Doc. No. 1 at p. 8; Doc. No. 1 at p. 36.
[5] Doc. No. 1 at p. 13.
[6] Doc. No. 13 at ¶¶ 7-10.
[7] Doc. No. 13 at ¶¶ 9-10.
[8] Doc. No. 17.
[9] Doc. No. 18 at ¶¶ 6, 12.
[10] Doc. No. 18 at ¶¶ 8, 15.
[11] Fla. Stat. § 222.25(4) (2014).

enactment, bankruptcy courts differed which debtors may or may not properly claim the wildcard exemption.[12]

In 2009, the Eleventh Circuit Court of Appeals looked to the Florida Supreme Court for direction, asking it to explain the meaning of "claim or receive the benefits" within § 222.25(4).[13] In *Osborne v. Dumoulin*,[14] the Florida Supreme Court provided its answer construing the limiting clause of the provision narrowly and holding "that where a debtor in bankruptcy elects not to claim a homestead exemption under the Florida Constitution Article X, Section 4, *and* the trustee's administration of the bankruptcy estate is not otherwise obstructed by the existence of the homestead exemption," the debtor has not "claim[ed] or receiv[ed] the benefits" of the homestead exemption. The debtor, therefore, is entitled to the benefits of the wildcard exemption.[15]

The *Osborne* analysis asks two questions: (1) Has the debtor affirmatively claimed the constitutional homestead exemption? (2) If not, is the bankruptcy trustee hindered in administering the debtor's homestead? Contrary to this case, the debtor in *Osborne* owned her home individually.[16] Applying the *Osborne* analysis therefore was straightforward: She did not claim her homestead exemption, and she surrendered her home to the trustee.[17] The trustee was not hindered in his administration of the home, and the debtor was allowed the wildcard

---

[12] *Compare In re Franzese*, 383 B.R. 197, 204-205 (Bankr. M.D. Fla. 2008) ("If, on the day a bankruptcy petition is filed, a debtor owns a home, lives in the home, and plans to reside in the home in the future, the debtor cannot claim the Statutory Personal Property Exemption."), *and In re Magelitz*, 386 B.R. 879, 883 (Bankr. N.D. Fla. 2008) ("Since the Debtor in this case owns the home, lives in it, and intends to continue to reside there, the property has homestead status under Florida law and therefore receives constitutional protection from creditors regardless of the Debtor's failure to claim the homestead exemption on Schedule C."), *with In re Watford*, 427 B.R. 552, 558 (Bankr. S.D. Fla. 2010) ("The debtor must affirmatively claim such property exempt to prevent it from being administered by the trustee. A debtor whose homestead property may be administered by a bankruptcy trustee no longer receives the benefit of Florida's constitutional homestead exemption.").
[13] *Osborne v. Dumoulin (In re Dumoulin)*, 326 Fed. App'x 498, 502 (11th Cir. 2009).
[14] 55 So. 3d 577 (Fla. 2011).
[15] *Id.* at 589-590.
[16] *Id.* at 580.
[17] *Id.* at 581.

exemption because she did not "claim or receive the benefits" of Florida's constitutional homestead exemption.[18]

When, however, a debtor owns his or her home with a spouse, particularly a non-filing spouse, an additional consideration arises. Section 522(b)(3)(B) of the Bankruptcy Code, as opposed to the Florida constitutional exemption, specifically exempts from a bankruptcy estate "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety," so long as the interest "is exempt from process under applicable non-bankruptcy law." Florida law insulates property owned by a husband and wife as tenants by the entireties from creditor claims. "[W]hen property is held as a tenancy by the entireties, only the creditors of both the husband and wife, jointly, may attach the tenancy by the entireties property; the property is not divisible on behalf of one spouse alone, and therefore it cannot be reached to satisfy the obligation of only one spouse."[19]

This potential additional obstruction to a trustee's effective administration of a debtor's homestead relates to the second prong of the *Osborne* analysis. In interpreting § 222.25(4), the Florida Supreme Court recognized this very scenario:

> In light of the potential for debtors in bankruptcy who do not assert the homestead exemption to nevertheless receive its benefits, we do not hold that a debtor's not claiming the homestead exemption in bankruptcy is sufficient evidence that a debtor is not receiving the benefits of the homestead exemption to allow a debtor to claim the section 222.25(4) personal property exemption. Consideration of the facts in each case to determine whether a debtor is otherwise receiving the homestead exemption's legal benefits is necessary to ensure that the statutory personal property exemption is available only to those who meet the Statute's terms.[20]

---

[18] *In re Dumoulin*, 428 F. App'x 871, 873 (11th Cir. 2011).
[19] *Beal Bank, SSB v. Almand & Assocs.*, 780 So. 2d 45, 53 (Fla. 2001).
[20] *Osborne v. Dumoulin*, 55 So. 3d 577, 589 (Fla. 2011).

Since the Florida Supreme Court decided *Osborne*, many bankruptcy courts have considered a trustee's objection to a debtor's claim of the wildcard exemption.[21] If the debtor owns **no** interest in homestead property, courts uniformly overrule any objection to a debtor's claim of the wildcard exemption,[22] explaining that debtors who do not own the home cannot use the homestead exemption, and, therefore, are entitled to the benefits of the wildcard exemption.[23]

Where a debtor and his or her spouse together own homestead property as tenants by the entireties, courts conversely have concluded that the debtor **is** receiving the benefits of Florida's homestead exemption through his or her spouse and is precluded from claiming the wildcard exemption.[24] In *Hernandez*,[25] however, the court suggested that a debtor in this position may well be entitled to the wildcard exemption if his or her spouse affirmatively waives the right to homestead protection because "the constitutional exemption would [provide] no protection to the Debtor with respect to creditors . . . ."

That is exactly what Mr. Fitzpatrick, the Debtor's husband, did in this case. He affirmatively waived his right to claim the Florida constitutional homestead exemption. Satisfying *Osborne*'s first step, Mrs. Fitzpatrick did not claim Florida's constitutional homestead

---

[21] *In re Castillo*, No. 13-27877-BKC-LMI, 2014 WL 843606 (Bankr. S.D. Fla. Mar. 3, 2014); *In re Walton*, 503 B.R. 159 (Bankr. S.D. Fla. 2013); *In re Perez*, No. 12-10902-BKC-AJC, 2012 WL 6027743 (Bankr. S.D. Fla. Dec. 4, 2012); *In re Kehoe*, No. 6:11-BK-14120-ABB, 2012 WL 1077171 (Bankr. M.D. Fla. Mar. 30, 2012); *In re Barandiaran*, 477 B.R. 842 (Bankr. M.D. Fla. 2012); *In re Rodale*, 452 B.R. 290 (Bankr. M.D. Fla. 2011); *In re Orozco*, 444 B.R. 472 (Bankr. S.D. Fla. 2011).

[22] *In re Castillo*, 2014 WL 843606, at *2 ("In the instant case, unlike the cases involving tenancy by the entireties property, the Debtor could not exempt the homestead because it is not his property to exempt. The property could never have been subject to administration by the trustee."); *In re Walton*, 503 B.R. at 162 ("[T]he Court determines that [the debtor] is not receiving the benefits of the Homestead Exemption. [The debtor's spouse] presently maintains a premarital 100% ownership of the Real Property." ).

[23] *In re Castillo*, 2014 WL 843606, at *2; *In re Walton*, 503 B.R. at 162.

[24] *In re Perez*, 2012 WL 6027743, at *2 ("The Court is persuaded that the Debtor indirectly 'receives the benefit' of the Constitutional Homestead Exemption because the Debtor's homestead is owned jointly with his non-filing spouse, as TBE property . . . ."); *In re Barandiaran*, 477 B.R. at 845 ("[A]s directed by *Osborne,* the Court has evaluated the specific facts of this case, and concludes that even though the Debtor has claimed the TBE exemption, he is nevertheless 'receiving the benefits' of the Florida constitutional exemption vis-a-vis his non-debtor spouse's ownership of the property in the TBE form and her corresponding right and ability to prevent the forced sale of the property. Because the Debtor is receiving the benefits of the Florida constitutional exemption, he is prohibited from claiming the wildcard exemption.").

[25] No. 07-16379-BKC-RAM, 2008 WL 1711528, at *6 (Bankr. S.D. Fla. Apr. 10, 2008).

exemption, relying instead on her tenancy by the entireties exemption allowed by Section 522(b)(3)(B) of the Bankruptcy Code. And, because Mr. Fitzpatrick has waived his right to protect the couple's homestead property,[26] under *Osborne*'s second step, the Trustee is not prevented from administering Mrs. Fitzpatrick's homestead. Contrary to the Trustee's claim,[27] whether or not Mrs. Fitzpatrick intends to remain in the homestead property is immaterial. A statement of intention to keep homestead property neither determines whether the property is property of the estate, nor effects a trustee's administration of the estate property.[28]

When spouses jointly own a home as tenants by the entireties, the filing spouse claims no homestead exemption under Florida's Constitution, and the non-filing spouse affirmatively waives any homestead exemption, the Trustee is not hindered in his administration of the home with a bankruptcy case. The Debtor may use the wildcard exemption. The Trustee's objection[29] is overruled. A separate order consistent with this Memorandum Opinion shall be entered.

DONE AND ORDERED in Orlando, Florida, on December 18, 2014.

KAREN S. JENNEMANN
Chief United States Bankruptcy Judge

Leigh R. Meininger, Trustee, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.

---

[26] Doc. No. 17.
[27] Doc. No. 13.
[28] *In re Rodale*, 452 B.R. 290, 297 (Bankr. M.D. Fla. 2011).
[29] Doc. No. 13.